COOKS, Judge,
dissenting.
liThe inclusion of paragraph six of the contract adds weight to Plaintiffs unjust enrichment claim. That paragraph recites “In the event that no written engagement is reached with the agent’s contact and client, then nothing is owed or due the agent under this agreement.” It cannot be denied that a “written engagement” was reached between the “agent’s contact and client.” Only if no “written engagement” is reached could the client default to the proviso which states “nothing is owed or due the agent under this agreement.” What happened here is a simple failure of the contract to provide a payment formula for the outright sale of the client’s interest in the company to the contact by written engagement. The latter scenario does not dictate as a matter of law that we afford Plaintiff no remedy at all. What occurred in this case presents the classic facts which often give rise to the application of LA. C.C. Art. 2298, which provides a person who has been enriched without cause at the expense of another person is bound to compensate that person. The fact here is there is no “valid juridical act or the law” that sanctions the enrichment resulting in this case. The contract only contemplated “no recovery” if “no written engagement” occurred — nothing for nothing. Defendant insists she is entitled to “everything for *1215 nothing.” That eventuality was not provided for in the contract or by law. That is why La. C.C. Art. 2298 provides a subsidiary remedy in such instances. This case should be remanded to the trial court for further proceedings.